Lyle J. Fuller – I.S.B. 8331
**FULLER & FULLER, PLLC**
24 North State
P.O. Box 191
Preston, ID  83263
Telephone: (208) 852-2680
Facsimile: (208) 852-2683
Lfuller@fullerlawonline.com
*Attorneys For Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Andreas Wesemann, Terri Wesemann, and Morgan Wesemann,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>Lucas Hansen, Eldon Jacklin, Stotz Equipment, Arizona Machinery, LLC, and John Does 1-10,<br><br>                    Defendants. | Case No. CV-2017-____<br><br>**COMPLAINT** |

Plaintiffs Andreas Wesemann, Terri Wesemann, and Morgan Wesemann state and allege as follows:

### Parties, Jurisdiction, and Venue

1.  Plaintiffs Andreas Wesemann and Terri Wesemann, husband and wife, are individuals residing in Cache County, Utah.  Plaintiff Morgan Wesemann, an adult son of Andreas and Terri, also resides in Cache County, Utah.

*Complaint*

2.  Defendant Lucas Hansen is an individual who resides, upon information and belief, in Bear Lake County, Idaho.

3.  Defendant Eldon Jacklin is an individual who resides, upon information and belief, in Franklin County, Idaho.

4.  Defendant Stotz Equipment, upon information and belief, was at all relevant times the employer of Defendant Jacklin.  Stotz Equipment maintains a place of business in Preston, Franklin County, Idaho, and is believed to be headquartered in Arizona.

5.  Upon information and belief, Defendant Arizona Machinery, LLC, is or may be the parent company of, or a corporate entity affiliated with, Stotz Equipment. Arizona Machinery, LLC, is believed to be headquartered in Arizona.

6.  Defendants Johns Does 1-10 are other individual or entities, whose certain identity is not yet established herein, who are or may be liable in part for the injuries and damages suffered by Plaintiffs.

7.  Jurisdiction is proper in this Court in that Defendants committed tortious acts within the state of Idaho, to wit, within Bear Lake County, Idaho, and that diversity jurisdiction exists under 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the case is between citizens of different states.

## General Allegations

8.  In the early afternoon of December 23, 2015, Plaintiffs were southbound on US Highway 89 in Bear Lake County, Idaho, in their vehicle, a white Ford Expedition.  US Highway 89 is a two-lane highway at the point in question.

9.  Andreas Wesemann was driving, with Morgan Wesemann in the front passenger seat, and Terri Wesemann in the next row of seating.

10.  The weather conditions were severe.  Snow was blowing to such a degree that it was nearly a "whiteout".  Andreas Wesemann slowed down Plaintiffs' vehicle to barely a crawl due to the limited visibility.  Upon seeing a vehicle stopped in their lane of travel ahead of them, the Wesemanns stopped their own vehicle.

11.  While their vehicle was stopped, they were stuck violently from behind by a blue Dodge pick-up owned and operated by Defendant Hansen.

12.  After being struck by Hansen's vehicle, Andreas Wesemann got out of Plaintiffs' vehicle to look at the damage and see if Mr. Hansen was alright.  While he was out of the vehicle, Plaintiffs' vehicle was struck a second time, this time even more violently, by the white Ford F-205 pick-up driven by Defendant Jacklin.  The pick-up driven by Jacklin was also towing a heavy trailer behind it, which added to the force of the collision.

## Count One – Negligence

13.  Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

14.  Defendant Hansen had a duty to operate his vehicle with the requisite degree of skill and care, and to avoid injuring others when operating his vehicle.  Defendant Hansen breached this duty by, among other things, failing to keep a property lookout, failing to drive an appropriate speed for the weather and road conditions, and failing to stop in time to avoid colliding with Plaintiffs' vehicle.

15.  Defendant Jacklin had a duty to operate his vehicle with the requisite degree of skill and care, and to avoid injuring others when operating his vehicle.  Defendant Jacklin breached this duty by, among other things, failing to keep a property lookout, failing to drive an appropriate speed for the weather and road conditions, and failing to stop in time to avoid colliding with Plaintiffs' vehicle.

16.  Defendant Hansen's breach has caused Plaintiffs to suffer injuries and damages both special and general, including, without limitation, medical bills, lost wages, pain and suffering, and loss of enjoyment of life, in an amount greater than $75,000.

17.  Defendant Jacklin's breach has caused Plaintiffs to suffer injuries and damages both special and general, including, without limitation, medical bills, lost wages, pain and suffering, and loss of enjoyment of life, in an amount greater than $75,000.

18.  Upon information and belief, the pick-up driven by Defendant Jacklin was owned by Defendant Stotz Equipment, and Defendant Jacklin was acting within the scope and course of his employment with Stotz Equipment at the time of the accident.

19.   Accordingly, Stotz Equipment, and/or Defendant Arizona Machinery, LLC, are legally responsible for Jacklin's actions under the doctrine of respondeat superior or similar legal doctrines, statues, or rules.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants as follows:

1.   That judgment be entered in their favor and against Defendants.

2.   That they be awarded damages in an amount to be proven at trial, in excess of $75,000, with joint and several liability among the Defendants.

3.   For pre-judgment interest, post-judgment interest, and attorneys fees' and costs, to the extent such are allowed by law.

4.   For such other and further relief as the Court finds just and equitable in the premises.

DATED this _20th_ day of December, 2017.

LYLE J. FULLER
Attorney for Plaintiffs

*Complaint*